IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILLIAM CLYDE PUMPHREY,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  2:14-cv-00144-CW<br><br>Judge Clark Waddoups |

Petitioner William Clyde Pumphrey, a federal prisoner proceeding pro se,[1] moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence of ten years' imprisonment and lifetime supervised release for receipt of child pornography. (Dkt. No. 1). He has also asked the court to conduct an evidentiary hearing, (Dkt. No. 4), and to enter default judgment in his favor (Dkt. No. 5). For the reasons that follow, the court DENIES Mr. Pumphrey's motions for an evidentiary hearing and for default judgment, and DISMISSES his habeas petition.

## BACKGROUND

Mr. Pumphrey has been the subject of three criminal indictments in federal court; all related to child pornography charges. For clarity's sake, the court briefly explains each indictment to place Mr. Pumphrey's habeas claim and arguments in context.

In June 2009, a federal grand jury in the United States District Court for the District of New Mexico returned an indictment charging Mr. Pumphrey with the receipt and possession of

---

[1] Because Mr. Pumphrey proceeds pro se, the court construes his filings liberally. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

child pornography occurring in March of 2007 (the New Mexico Indictment). As a result of the New Mexico Indictment, FBI agents arrested Mr. Pumphrey in Salt Lake City, Utah on August 28, 2009. Mr. Pumphrey has remained in federal custody since that date. In May 2010, Mr. Pumphrey pled guilty under a Rule 11(c)(1)(C) agreement to one count of receipt of child pornography pursuant to the New Mexico Indictment. In accordance with the terms of the Rule 11(c)(1)(C) plea agreement, the United States District Court for the District of New Mexico sentenced Mr. Pumphrey to ten years' imprisonment and ten years of supervised release. (*United States v. Pumphrey*, No. 2:13-cr-197-CW, Dkt. No. 59, p. 3–5 (June 17, 2013)).

In 2011, a federal grand jury in the United States District Court for the District of Utah returned an indictment charging Mr. Pumphrey with the production and possession of child pornography (the First Utah Indictment). The First Utah Indictment arose from conduct occurring in approximately August 2008, more than a year after the conduct for which Mr. Pumphrey was convicted under the New Mexico Indictment. (*See United States v. Pumphrey*, No. 2:11-cr-937-TS, Dkt. No. 1 (Nov. 11 2011)). The district court dismissed this indictment without prejudice due to speedy trial violations. The government then sought, and successfully obtained, a second indictment in the District of Utah (the Second Utah Indictment). The Second Utah Indictment recharged Mr. Pumphrey with production and possession of child pornography based on the 2008 conduct. (*United States v. Pumphrey*, No. 2:13-cr-197-CW, Dkt. No. 1 (Mar. 3, 2013)). Several months later, the government filed a superseding indictment and added a charge for receipt of child pornography in addition to the possession and production charges. (*Id.*, Dkt. No. 25). Ultimately, Mr. Pumphrey pled guilty, again under a Rule 11(c)(1)(C) agreement, before the United States District Court for the District of Utah to one count of receipt of child pornography, and the district court sentenced him to ten years' imprisonment followed

by a lifetime of supervised release. The court ordered that Mr. Pumphrey be given credit for any time served, and ordered that his sentence run concurrently with his sentence in the New Mexico case. (*Id.*, Dkt. No. 57). Mr. Pumphrey did not appeal his conviction or sentence, but he timely filed a petition for habeas relief pursuant to 28 U.S.C. § 2255.

## **DISCUSSION**

In his § 2255 petition, Mr. Pumphrey asserts that he is entitled to relief on the basis that the Utah prosecution was vindictive in violation of his due process rights. *See United States v. Goodwin*, 457 U.S. 368, 372 (1982) (recognizing that a due process violation occurs in cases of prosecutorial vindictiveness). According to Mr. Pumphrey, the government's vindictiveness is reflected by its decision to charge him after he had already been convicted in New Mexico, and for charging him with receipt of child pornography after the dismissal of the First Utah Indictment on speedy trial grounds. Mr. Pumphrey asserts this prosecutorial vindictiveness requires that his conviction and sentence in the District of Utah be vacated, or, in the alternative, that his sentence should be modified to "run truly concurrent with the New Mexico sentence with the same beginning on 28 August 2009." (Dkt. No. 1, p. 8). Mr. Pumphrey has also asked for an evidentiary hearing, (Dkt. 4),[2] and for default judgment because the government has not responded to his petition. The court considers, and rejects, each of Mr. Pumphrey's arguments.

### A.  Mr. Pumphrey's Habeas Claim

Turning first to Mr. Pumphrey's claim for vindictive prosecution, the court finds Mr. Pumphrey is not entitled to habeas relief. As an initial matter, Mr. Pumphrey is procedurally barred from bringing this claim in his habeas petition because he did not raise it in the trial court or on direct appeal. *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) ("A § 2255

---

[2] Although the document is entitled "Motion for a Court Order," it in substance reargues the merits of Mr. Pumphrey's habeas petition and requests an evidentiary hearing. (*See* Dkt. No. 4).

motion is not intended as a substitute for an appeal. Consequently, failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." (internal citation and quotation marks omitted)). To get around this procedural bar, Mr. Pumphrey must show "cause for his procedural default and actual prejudice resulting from the alleged errors, or . . . that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994); *see also Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (stating that the fundamental miscarriage of justice exception applies to "extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent" (brackets omitted)). The court has carefully considered Mr. Pumphrey's habeas petition and supporting materials, and has located nothing to illustrate any exceptions to the procedural bar would apply in this case.

Furthermore, Mr. Pumphrey's claim for relief based on vindictive prosecution fails on the merits. Mr. Pumphrey is correct that "[w]hile a prosecutor may penalize a defendant for violating the law, a prosecutor may not punish a defendant for exercising a protected statutory or constitutional right." *United States v. Contreras*, 108 F.3d 1255, 1262 (10th Cir. 1997). But to prevail on a vindictive prosecution claim, Mr. Pumphrey must allege facts showing actual vindictive conduct or, at a bare minimum, facts that give rise to a presumption of vindictiveness. *See United States v. Battles*, 745 F.3d 436, 459 (10th Cir.), *cert. denied*, 135 S. Ct. 355 (2014). This requires Mr. Pumphrey to show a "reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right." *See United States v. Raymer*, 941 F.2d 1031, 1042 (10th Cir. 1991) (internal quotation marks omitted). Mr. Pumphrey fails to meet this burden.

For example, the fact that Mr. Pumphrey was prosecuted in Utah after he was convicted in New Mexico does not show vindictiveness because Mr. Pumphrey points to no prior protected statutory or constitutional right that he exercised after the New Mexico conviction and prior to the First Utah Indictment. Likewise, the mere fact that the government decided to charge Mr. Pumphrey with receipt of pornography after he exercised his speedy trial rights is insufficient to establish a presumption of vindictiveness. *See*, *e.g.*, *United States v. Doran*, 882 F.2d 1511, 1521 (10th Cir. 1989) (holding that there was no reasonable likelihood of prosecutorial vindictiveness where the only evidence of vindictiveness was the fact that the government filed new charges after the defendant asserted his speedy trial rights, because "proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the pretrial context"); *United States v. Neha*, 376 F. Supp. 2d 1230, 1235 (D. N.M. 2005) (holding that the mere timing of a superseding indictment is insufficient to establish a presumption of vindictiveness). And the relationship between Mr. Pumphrey's Speedy Trial Act claim and the addition of the receipt of pornography charge is all the more attenuated when the court considers the fact that Second Utah Indictment—as originally filed—contained the same charges as the First Utah Indictment. It was only after the second Utah prosecution was proceeding through litigation that the government filed the superseding indictment adding the receipt charge. Mr. Pumphrey has identified nothing that occurred between the filing of the Second Utah Indictment and the superseding indictment that would suggest the government's decision to add the receipt charge was improper. *See, e.g.*, *Goodwin*, 457 U.S. at 382–83 (holding that "the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified"); *United States v. Chitty*, 556 F.

App'x 739, 742 (10th Cir. 2014) (holding there was no direct or indirect evidence of vindictive prosecution where the information was filed a year after the defendant exercised his right to proceed to trial because, given the year-long gap, it was "difficult to believe [the government] filed the [i]nformation as a result of punitive animus").[3] For these reasons, Mr. Pumphrey has not established actual or a reasonable likelihood of vindictive prosecution necessary to show a constitutional violation.

Likewise, the court has little difficulty rejecting Mr. Pumphrey's request to correct or modify his sentence to "run truly concurrent with the New Mexico sentence with the same beginning on 28 August 2009." (Dkt. No. 1, p. 8). The district court ordered Mr. Pumphrey's sentence to run concurrently with the New Mexico sentence, and Mr. Pumphrey's prison records reflect that he has received jail credit for the period of time between his August 28, 2009 arrest and his New Mexico conviction. (Dkt. No. 1-1). Thus, Mr. Pumphrey appears to be receiving all of the credit to which he is entitled, and he is not entitled to a modification of his sentence. For all these reasons, Mr. Pumphrey is not entitled to habeas relief.

### B.  Motion for Default Judgment and an Evidentiary Hearing

Mr. Pumphrey's requests for default judgment and for an evidentiary hearing also fail. As illustrated by the discussion above, Mr. Pumphrey has presented no legitimate grounds for habeas relief, and the government was therefore under no obligation to respond to his petition. *See Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (recognizing that a district court possesses the discretion either to dismiss a habeas petition if it appears that the petitioner was not entitled to relief or to order the respondent to file a response); Fed. R. Governing Section 2254 Cases in the U.S. District Courts 4 (explaining that if a district court does not dismiss a habeas

---

[3] Although not binding, the court finds the Tenth Circuit's unpublished opinions persuasive. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

petition, the court must order the respondent to file an answer, motion or other response within a fixed time or take other action the judge may order). Thus, Mr. Pumphrey is not entitled to default judgment for the government's failure to respond to his petition. Similarly, there is no basis to hold an evidentiary hearing in the absence of a viable claim for habeas relief. *See United States v. Flood*, 713 F.3d 1281, 1291 (10th Cir. 2013) (recognizing that Section 2255(b) requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

## **CONCLUSION**

For the foregoing reasons, the court DISMISSES Mr. Pumphrey's petition (Dkt. No. 1), DENIES his request for an evidentiary hearing (Dkt. No. 4), and DENIES his motion for default judgment (Dkt. No. 5). The court also declines to issue Mr. Pumphrey a certificate of appealability (COA) to appeal this decision. *See* 28 U.S.C. § 2253(c) (requiring habeas petitioners to obtain a COA prior to filing an appeal of the district court's denial of habeas relief); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (recognizing that to obtain a COA under § 2253(c), the petitioner must make "a substantial showing of the denial of a constitutional right" and demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks omitted)).

SO ORDERED this 25th day of September, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge